IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02926-BNB

ALBERT PETER GRENIER,

      Applicant,

v.

STEVEN HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 6 2011

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

      Applicant, Albert Peter Grenier, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Grenier filed *pro se* an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 challenging the validity of his conviction in Arapahoe County, Colorado, district court case number 98CR1850. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

      The Court must construe liberally Mr. Grenier's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Because Mr. Grenier is challenging a conviction in state court, the amended § 2255 motion will be treated as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court will deny the habeas corpus application.

Mr. Grenier was convicted by a jury in Arapahoe County District Court case number 98CR1850 on charges of first-degree premeditated murder and abuse of a corpse. The trial court sentenced him to life imprisonment.

On March 6, 2008, the Colorado Court of Appeals affirmed on direct appeal. *See People v. Grenier*, No. 00CA1992 (Colo. Ct. App. Mar. 6, 2008) (not published). On February 17, 2009, the Colorado Supreme Court denied certiorari review. Mr. Grenier has not filed any postconviction motions in state court.

This is the second habeas corpus action that Mr. Grenier has filed attacking his conviction in Arapahoe County District Court case number 98CR1850. The first habeas corpus application was dismissed as procedurally barred. *See Grenier v. Hartley*, No. 09-cv-02553-ZLW (D. Colo. Dec. 17, 2009). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In No. 09-cv-02553-ZLW, Mr. Grenier failed to raise any of his asserted claims as a federal constitutional claim in the state courts, was barred from doing so because he no longer had an adequate and effective state remedy available to him, and failed to demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse his default. Therefore, the Court denied the application and dismissed the action in No. 09-cv-02553-ZLW as procedurally barred. Judgment was entered on the same day. On April 26, 2010, the United States Court of

Appeals for the Tenth Circuit (Tenth Circuit) dismissed the appeal for failure to prosecute. *See Grenier v. Hartley*, No. 10-1093 (10th Cir. Apr. 26, 2010). Mr. Grenier did not seek certiorari review in the United States Supreme Court. The instant action appears to be a second or successive application.

In the instant action, Mr. Grenier asserts three claims that:

> 1. the trial court erred in finding that his confession was voluntary, not coerced;
>
> 2. the limiting instruction concerning his sanity failed to cure faulty legal instructions and violated his privilege against self-incrimination; and
>
> 3. the trial court's erroneous interpretation of Colo. Rev. Stat. § 16-8-107(1)(a) concerning evidence acquired from a court-ordered examination permitted the jury to consider his examination statements and, thus, denied him an instruction on his right to use deadly force against an intruder in self-defense under the "Make My Day" law, Colo. Rev. Stat. § 18-1-704.5.

Mr. Grenier alleges that he has exhausted state remedies for his asserted claims. *See* application at 5. A review of his state appellate briefs in No. 09-cv-02553-ZLW reveals that he appears to have exhausted his claims as federal constitutional claims in the state courts.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Grenier must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251.

3

A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Grenier fails to allege whether he has obtained the necessary authorization from the Tenth Circuit to file a second or successive 28 U.S.C. § 2254 application. *See* application at 7. Assuming that he has not obtained such an authorization, the Court either must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be considered in deciding whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

The Court finds that none of the relevant factors favor a transfer. Mr. Grenier's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to 28 U.S.C. § 2244(b)(2). Instead, Mr. Grenier appears to be trying to raise claims he exhausted in the state courts but failed to raise in his prior habeas corpus application. Therefore, the claims do not appear to have been filed in this Court in good faith. It also was clear when this action was filed that the Court lacked jurisdiction over Mr. Grenier's claims challenging the validity of his conviction in No. 98CR1850. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 26th day of January, 2011.

BY THE COURT:

_Zita Leeson Weinshienk_

_____
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   10-cv-02926-BNB

Albert Peter Grenier
Prisoner No. 107040
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on January 26, 2011.

                                         GREGORY C. LANGHAM, CLERK

                            By:_____
                                      Deputy Clerk